UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 26-MJ-57 (PAM/DJF) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **NITZANA FLORES' RESPONSE TO** |
| | ) | **GOVERNMENT'S MOTION FOR** |
| NITZANA BELLE FLORES, | ) | **PROTECTIVE ORDER** |
| | ) | |
| Defendant. | ) | |

The Government's motion for protective order (ECF no. 24) seeks to preclude Nitzana Flores from possessing "protected materials" related to her misdemeanor prosecution. Specifically, the protected materials the Government seeks to exclude are the names of the law enforcement "victims and witnesses" who accuse Ms. Flores of committing the charged misdemeanor. The Government has offered general unsupported concerns about doxxing to support the motion. Additionally, the Government has failed to disclose to this Court that the exact materials the Government seeks to protect have already been disclosed without redaction or a protective order in a companion case. Ms. Flores opposes the Government's motion for protective order.

Under Rule 16, this Court may, at any time, "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" for good cause. Fed.R.Crim.P. 16(d)(1); *United States v. Lee*, 374 F.3d 637, 652 (8th Cir. 2004). "The burden of showing 'good cause' is on the party seeking the order …". *United States v. Ladeaux*, 61 F.4th 582, 585 (8th Cir. 2023), citing *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015). The Eighth Circuit has advised, "When the Government is seeking a protective order, it

1

bears the burden of showing that good cause exists for its issuance." *Ladeaux*, 61 F.4th at 586, quoting *United States v. Dixon*, 355 F.Supp. 3d 1, 4 (D.D.C. 2019).

In this case, the Government seeks a protective order that shields the disclosure of the identity of "victims and witnesses". (ECF No. 24 at 2). The "victims and witnesses" all appear to be United States Border Patrol Agents. None of the Border Patrol Agents appear to be acting in a covert capacity, nor has the Government made such a claim. Instead, the Government argues that protecting the identity of Border Patrol Agents is necessary pursuant to 18 U.S.C. § 3771(a)(8), because "a crime victim"—in this case Border Patrol Agents—has the right "to be treated with fairness and respect for the victim's dignity and privacy." [1] (ECF No. 24 at 2). The Government further argues the requested protective order is necessary to prevent the possibility that Border Patrol Agents may be doxxed. (ECF No. 24 at 2-3). The Government asserts that there has been "a substantial increase in targeted threats and doxxing incidents against federal agents." (ECF No. 24 at 2). The Government failed to offer any evidence to support this assertion. General assertions that a witness may be intimidated does not meet the Government's burden of showing good cause for a protective order. *See United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007)(stating, "Broad allegations of harm, unsubstantiated by specific examples

---

[1] The Government's general concern of victims and witnesses' dignity and privacy and right to be treated with fairness and respect is particularly disingenuous given the posting of Ms. Flores' name on X by the United States Attorney General (see Attorney General Pamela Bondi on X: "These are the names of those arrested today under 18 U.S. Code § 111 (Assaulting, resisting, or impeding certain officers or employees) ███████ Nitzana Flores ███████ ███████" / X).

2

or articulated reasoning, do not support a good cause showing."). This is especially true when the identity of the individuals the Government seeks to protect are law enforcement.

The Government's motion for protective order also failed to disclose to this Court that all the materials the Government is seeking to protect were disclosed without redactions or a protective order in a companion case. Given the prior disclosure of these materials, the Government's general concern about doxxing is unfounded, improper, and demonstrates a lack of candor owed to this Court. As for specific concerns that disclosing these materials to Ms. Flores will result in doxxing of the Border Patrol Agents in this case, the Government has made no argument that Ms. Flores poses a unique risk to any law enforcement officer or witness in this case.

The Government has not shown good cause for a protective order in this case. Absent that showing Ms. Flores should not be required to take additional time off from work simply to review the unredacted documents and statements behind the charges in this misdemeanor prosecution.

Dated: February 23, 2026.                    Respectfully submitted,

                                             s/ Aaron J. Morrison

                                             AARON J. MORRISON
                                             Attorney ID No. 0341241
                                             Attorney for Ms. Flores
                                             107 U.S. Courthouse
                                             300 South Fourth Street
                                             Minneapolis, MN 55415