UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>v.<br><br>Nitzana Belle Flores,<br><br>           Defendant. | Case. No. 26-mj-0057 (PAM/DJF)<br><br>**ORDER ON MOTION<br>FOR PROTECTIVE ORDER** |

This matter is before the Court on the government's Motion for a Protective Order ("Motion") (ECF No. 24). The government seeks an order from the Court prohibiting Defendant Nitzana Flores from disclosing materials the government defines as "Protected Materials" and prohibiting defense counsel from providing unredacted copies of such materials directly to Ms. Flores. The government's Motion defines "Protected Materials" to include personal identifying information ("PII") of the immigration enforcement agents involved in the case, including their "telephone numbers, residential addresses, email addresses, social media accounts, Social Security numbers, medical information and dates of birth." (ECF No. 24 at 3.) In addition to PII, the government also seeks to prevent the disclosure of the agents' identities. (*Id.*) The government claims that without a protective order, the immigration enforcement agents who have accused Ms. Flores of assault, and whom the government describes as victims and witnesses in this case, will be exposed to a risk of doxxing. (*Id.* at 2-3.) The government argues that, as victims, the agents have a right "to be treated with fairness and respect for [their] dignity and privacy." (*Id.* at 2.)

Through her counsel, Ms. Flores objects to the Motion on the grounds that the government has produced no evidence to support its assertion that doxxing is a credible threat in this case, and

that the government already produced the same materials in a companion case without redaction. (ECF No. 25 at 1.)  Ms. Flores notes that none of the agents were operating in a covert capacity.  (*Id.* at 2.)  She further states that because the government's proposal would prohibit defense counsel from giving her unredacted discovery materials, it would make her ability to participate in her defense more difficult.  (*Id.* at 3.)

Under Rule 16(d) of the Federal Rules of Criminal Procedure, the Court may issue a protective order "for good cause" shown.  Here, the Court finds the government has not established good cause except in limited part.

As a threshold matter, the government's claimed concern about the victim/agents' "dignity and privacy" and the risk of doxxing is eyebrow-raising, to say the least.  On January 28, 2026, at 12:53 p.m., Attorney General Pam Bondi publicly posted a tweet on X announcing, to a national audience, that Ms. Flores was arrested along with 15 other people as "rioters" who "have been resisting and impeding our law enforcement officers."  *See* Mandy Taheri and Jason Lemon, *Trump's DOJ Announces Arrest of 16 Minnesota Protesters: Full List of Names*, Newsweek (Jan. 28, 2026), https://www.newsweek.com/minnesota-protesters-arrested-list-donald-trump-doj-11432818.  In publicly posting that information, the government failed to respect Ms. Flores's dignity and privacy, exposed her to a risk of doxxing, and generally thumbed its nose at the notion that defendants are innocent until proven guilty.  The post also directly violated a court order sealing the case (ECF No. 6), which was not lifted until the Court conducted initial appearances later that day (*see* ECF No. 7).  Notwithstanding, the government now seeks an accommodation from the Court that it blatantly failed to give Ms. Flores and her codefendants.

Under the circumstances, and in the absence of any proffered evidence suggesting Ms. Flores presents a specific threat of undue exposure to the agents involved, the government's claimed

concern about doxxing is not persuasive. Moreover, particularly given defense counsel's representation that the same information has already been disclosed to the defendant in a companion case without redaction, the Court cannot find good cause to issue a protective order that is as broad and restrictive as the one the government seeks. However, the Court concludes that public disclosure of any party or witness's PII potentially would be harmful, and that an order prohibiting such disclosure would not unduly hamstring defense counsel or Ms. Flores in mounting a defense. The Court therefore finds good cause to grant the Motion to that limited extent.

## ORDER

Based on the foregoing, and on all the files, records and proceedings herein **IT IS HEREBY ORDERED** that:

1. The Government's Motion for a Protective Order (ECF No. 24) is **GRANTED IN PART** and **DENIED IN PART**.

2. Neither party may publicly disclose any party, victim or witness's PII, which shall include: telephone numbers, residential addresses, email addresses, social media accounts, Social Security numbers, medical information and dates of birth.

Dated: February 24, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge